UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RODNEY A. LOGAL and<br>ZENA LOGAL, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | 2:10 CV 11  PPS |
| THE TOWN OF SCHERERVILLE,<br>a municipal corporation organized and<br>existing under the laws of the<br>State of Indiana, and<br>JUANITA PETERS (in her personal<br>capacity and not as a Code Enforcement<br>Officer for the Town of Schererville,<br>Indiana), | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## OPINION AND ORDER

Plaintiffs Rodney and Zena Logal brought this action in Lake Superior Court alleging that Defendants Town of Schererville and Juanita Peters improperly applied two Schererville town zoning ordinances, leading to a deprivation of their constitutional rights. [DE 1.] The Logals dispute the Defendants' interpretation of the ordinances and this presents a question of state law. The Logals also claim that to the extent the ordinances require the compliance that Schererville officials expect, the ordinances are unconstitutional, which of course presents a federal issue. The Logals sought a temporary restraining order and an order enjoining "unwarranted enforcement" of the ordinances. Defendants then filed a motion to dismiss and stated they would take no action enforcing the ordinances until the state court ruled on its motion. So on December 21, 2009, the Lake Superior Court ordered the Defendants to take no

action enforcing the ordinances.

But on January 8, 2010, Defendants removed the case to this Court under 28 U.S.C. 1331. [DE 2.] A few days later, the Defendants filed a motion to remand. It seems odd that a party would remove a case and then immediately move to remand a portion of it back to the very same court from where it came. Yet that is precisely what the Defendants have done. In particular, they seek a remand of the state law issues, and for this Court to abstain from ruling on the federal claims until the state law issues are resolved. [DE 6, 7.] They argue that because the allegations in the Complaint concern unclear zoning and land use issues, important state sovereignty issues are implicated, and abstention is proper under *Louisiana Power and Light Co. v. City of Thibodaux*, 360 U.S. 25, 28-29 (1959).

Under *Thibodaux*, abstention may be appropriate where the case presents unclear questions of state law bearing on "policy problems of substantial import whose importance transcends the result in the case then at bar." *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 814 (1976) (citing *Thibodaux*, 360 U.S. at 28 (abstaining where eminent domain concerns "turn on legislation with much local variation interpreted in local settings")). And courts have found that zoning and land use regulations, such as the ordinances at issue here, are primarily a local concern best left for state court interpretation. *See Ahrensfeld v. Stephens*, 528 F.2d 193, 198 n.7 (7th Cir. 1975) ("Federal courts have also noted that application of zoning ordinances and regulations is distinctly a feature of local government which is outside the general supervisory power of federal courts.") (internal quotations omitted). Moreover, while zoning and land use cases are sometimes brought under the guise of a federal claim, many are essentially state law claims, best suited for state court adjudication. *See Pomonio v. Fauquier*

2

*County Bd. of Supervisors*, 21 F.3d 1319, 1326 (4th Cir. 1994) (en banc) (stating that challenges to state or local zoning or land use laws, "when stripped of the cloak of their federal constitutional claims . . . are really state law claims because it is either the zoning or land use decisions, decisional processes, or laws that are the basis for the plaintiffs' federal claims.").

Such is the case here. Plaintiffs claim the "constructions of Schererville Town ordinances" by town officials "cannot be corroborated by a careful review of cited provisions." [DE 1 at 3.] And according to the Defendants, the law is unclear. [DE 6 at 3.] But the proper construction of these town zoning and land use ordinances are not for federal courts to decide; indeed, they have a distinctly local flavor and are best left for state court interpretation. Thus, abstention is proper.

Therefore, a stay of the federal proceedings is proper until the state court can interpret the zoning ordinances at issue. *See Starzenski v. City of Elkhart*, 842 F.Supp. 1132, 1138 (N.D. Ind. 1994) ("*Thibodaux* abstention, unlike *Burford*, requires a **stay** of federal proceedings rather than dismissal.") (emphasis in original). It is hereby **ORDERED** that this case is **REMANDED** to Lake Superior Court to resolve these local issues. These proceedings are **STAYED** until these issues are resolved. Defendants are **ORDERED** to file a status of the state case by no later than **June 30, 2010.**

Finally, as noted in an earlier order, Plaintiff Zena Logal (who is also known as Zena Crenshaw) was fined $1000 by the Seventh Circuit for her history of abusive litigation tactics. After she failed to pay the sanction, the Seventh Circuit banned her from filing any papers in any court in this circuit. This ban included papers filed by others on Crenshaw's behalf. The only way for Crenshaw to get relief from that order was to petition the Seventh Circuit to have the

3

filing ban lifted. As a result, when this case landed on my docket, I asked Crenshaw to show cause as to whether she has either paid the $1000 sanction leveled against her by the Seventh Circuit or sought reinstatement from that court. [DE 8] Crenshaw did not respond to the show cause order. Plaintiffs therefore remain **BARRED** from filing anything with this Court.

**SO ORDERED**.

Entered: January 28, 2010

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT